IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DINH K. PHAM and | § | |
| MINDY TRAN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-576 |
| | § | |
| TOYOTA MOTOR CORP., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

This action comes before the Court on removal from the 239th Judicial District of Galveston, Texas. Now before the Court is Plaintiffs' Motion to Remand. For the reasons outlined below, Plaintiffs Motion is **GRANTED**.[1]

## I. Background

On June 26, 2006, Plaintiffs sued Defendants Toyota Motor Corporation, Toyota Motor Sales, USA, Inc., ("Toyota") and Ron Carter Toyota, Inc., A/K/A Ron Carter Ford, Inc. ("Ron Carter") for negligence and product liability (including marketing, manufacturing, and design defects) after a rollover of their Toyota 4-Runner. The Toyota entities are out-of-state Defendants. Plaintiffs and Ron Carter are Texas residents. Toyota removed the case to this Court pursuant to the Court's diversity jurisdiction alleging that Ron Carter had been fraudulently joined. Plaintiffs now move to remand, arguing that Ron Carter is a proper Party in the case.

## II. Legal Standard

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Absent an express provision to the contrary, a defendant may remove a state-court action to federal court only if the suit could have been filed originally in federal court.  *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Because Plaintiffs' claims arise under Texas law, there is no federal question, and diversity is the only possible basis for federal jurisdiction.  The federal diversity jurisdiction statute provides the district courts with jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the parties are citizens of different states.  *See* 28 U.S.C. 1332(a).[2]  The jurisdictional statute has long been interpreted to mandate a rule of "complete diversity." Complete diversity requires that the citizenship of each plaintiff is diverse from the citizenship of each defendant.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996).

The district court may discount non-diverse defendants if the removing party can show that the plaintiff fraudulently joined those defendants.  In order to prove fraudulent joinder, "[t]he removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)).  "The removing party carries a heavy burden when attempting to prove fraudulent joinder."  *Id.* (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)).

Since Defendants have not alleged fraud, the dispositive analysis is whether there is any possibility that Plaintiffs can establish a cause of action against Ron Carter in state court.  All

---

[2] Because the Parties' briefs do not address the amount in controversy, the Court assumes that the amount in controversy exceeds $75,000.

issues of fact and of uncertain state law are resolved in favor of Plaintiffs.  *See Cavallini*, 44 F.3d at 259.  The Court will not consider "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only the "possibility that the plaintiff might do so."  *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).  If the district court determines that the plaintiff did not fraudulently join the non-diverse defendants, it must remand the case for lack of subject matter jurisdiction.

## III.  Analysis

Plaintiffs allege that Ron Carter sold the 4-Runner in question, failed to give adequate warnings of dangers that it knew or should have known about, gave Plaintiffs a "false sense of security," advocated use of the 4-Runner in ways likely to cause it to roll over, and was negligent in its advertising and promotion.  Defendants argue that Texas Civil Practices and Remedies Code § 82.003 bars recovery against Ron Carter.  Section 82.003 states:

(a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:

. . .

(4) that:
(A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
(B) the warning or instruction was inadequate; and
(C) the claimant's harm resulted from the inadequacy of the warning or instruction;

(5) that:
(A) the seller made an express factual representation about an aspect of the product;
(B) the representation was incorrect;
(C) the claimant relied on the representation in obtaining or using the product; and
(D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;

(6) that:

> (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and
> (B) the claimant's harm resulted from the defect; or
>
> (7) that the manufacturer of the product is:
> (A) insolvent; or
> (B) not subject to the jurisdiction of the court.

Section 82.003 essentially protects a non-manufacturing seller from product liability actions unless its conduct falls into one of the enumerated exceptions to the presumption of no liability. Defendants argue that Ron Carter is a non-manufacturing seller and is insulated from liability by § 82.003(a). Defendants further allege that Plaintiffs cannot prove that Ron Carter has exhibited conduct which falls into any of the enumerated exceptions. The Court respectfully disagrees.

At this stage in the proceedings, the Court need only determine whether there is a possibility that Plaintiffs may prevail against Ron Carter. Plaintiffs need not present all of their proof. In this case, Plaintiffs have presented more than enough to prevent Defendants from meeting their very high burden. For example, Plaintiffs can prevail against Ron Carter under the exception enumerated in § 82.003(a)(5) by proving their allegation that a Ron Carter representative told them that the 4-Runner could be used in a manner which would lead to rollover. This possibility is enough to defeat Defendants' removal.

## IV.  Conclusion

Since there is a possibility that Plaintiffs can prevail against Ron Carter, it has not been fraudulently joined. Accordingly, there is not complete diversity, without which, this Court has no jurisdiction. Therefore, this case is **REMANDED** to the 239th Judicial District of Galveston County. All Parties are to bear their own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE**, this 4th day of January, 2007 at Galveston, Texas.

Samuel B. Kent
United States District Judge